Angel Luis López, Petitioner, v. District Court of San Juan, Respondent; The People of Puerto Rico, Intervener.

No. 1692.   Argued April 1, 1947.—Decided April 11, 1947.

G. Cruzado Silva, for petitioner.   Luis Negrón Fernández, Acting Attorney General, and Carlos Santana Becerra, Assistant Attorney General, for The People, intervener, plaintiff in the main action. Gabriel Guerra-Mondragón, José Vilá Ruiz, and Antonio M. Bird for Water Resources Authority.

Mr. Justice Snyder delivered the opinion of the Court.

The People of Puerto Rico on behalf of the Water Resources Authority filed a suit to condemn certain real estate. A declaration of taking was filed with the complaint, and on May 16, 1946, the district court entered an order vesting title in the People and granting the defendants thirty days to surrender possession of the property.  The parties agreed by stipulation (a) on the amount of the compensation and (b) on July 15 as the date the defendants would surrender possession.  The court accordingly entered a final judgment on July 15.

Angel Luis López, the petitioner herein, had been occupying part of the property as a tenant of one of the defendants.

On July 22 the Authority wrote the petitioner that it had acquired the property by condemnation and that it needed it urgently; however, in order to occasion him the least possible inconvenience, the Authority would give him until August 31 to vacate the premises, and that from July 15 until he leaves, he should pay the rent therefor to the Authority. Thereafter, on September 10, at the request of counsel for the petitioner, the Authority granted him an extension of two months to vacate the property.

When the petitioner failed to vacate the property after this period elapsed on November 4, the People filed a motion within the condemnation proceeding praying for an order to oust the petitioner. The latter objected on the ground that the acceptance of rent from the petitioner by the Authority had created the relationship of landlord and tenant between them and therefore that the petitioner could not be ousted within the condemnation proceeding but only by an independent unlawful detainer suit. On November 22 the lower court heard the motion, overruled the contention of the petitioner and ordered him to vacate the premises two months from that date. When the petitioner failed to vacate the premises on January 24, 1947, the district court on motion of the Authority entered an order for his immediate ouster. On February 11, 1947, the lower court denied the motion of the petitioner for reconsideration. We granted the petition of López for certiorari in order to determine if the lower court was authorized to oust him within the condemnation proceeding instead of requiring the People to file an independent unlawful detainer suit.

▮ Section 5(a) of our condemnation statute, as amended by § 3 of Act No. 19, Laws of Puerto Rico, 1942, Third Special Session (p. 82), provides as follows:

"   *          *          *          *          *          *          *

"Upon the filing of the declaration of taking, the court shall have power to fix the time within which, and the terms upon which, the natural or artificial person in possession of the property the

object of the proceeding shall surrender material possession to the expropriating party. The court shall have power to make such orders in respect to encumbrances and other charges, if any, burdening the property, as shall be just and equitable.

" *    *    *    *    .*    *    *"

This clearly gives the district court authority to fix (1) the period within which the occupants must vacate the premises, and (2) the amount they must pay the State for use thereof from the date the State became the owner until the date they vacate the premises. The fact that the Federal Act, 40 U.S.C.A. § 258a, from which our Act was substantially copied, specifically includes the power to fix rent is of no significance on this point. Our statute is sufficiently broad to cover the situation herein without such a specific authorization.

■ After final judgment was entered, the condemnation case was still not closed: the court under § 5(a) was authorized to put the People into possession, and to fix the reasonable compensation for use of the properties by the occupants until they surrendered possession. Instead of presenting this matter to the court, the parties agreed on both questions: (1) the date the property was to be vacated; and (2) the compensation for its use during that time. But merely because the People did not obtain a court order to this effect did not change the relationship between the parties. The order would have been necessary only if they were in dispute. Their agreement took the place of the order and was therefore related and pursuant to the condemnation proceeding, which remained open until the People obtained possession.

If no rent is paid and an occupant refuses to move from a condemned property, it certainly could not be contended that ouster must be by unlawful detainer suit rather than within the condemnation proceeding. The fact that the occupant is required to pay rent during this period—and certainly he should not be entitled to use the property gratis— does not change his status. Here the Authority was careful

from the beginning to emphasize that it was not leasing the property but was only permitting the petitioner to remain there until he could conveniently leave. On motion of the People the court would have entered an order to the same effect, including a requirement that the petitioner pay for such use of the property. The fact that the parties agreed and therefore no court order was needed did not change the nature of their relationship. The rent was not for use under a lease contract, but only to compensate the People for use of the property while it waited for delivery thereof within the condemnation proceeding.

In view of the foregoing considerations, the People were not required to institute an independent unlawful detainer suit to oust the petitioner, and it was proper for the lower court to grant the motion of the People within the condemnation proceeding requiring the petitioner to vacate the premises.[1]

The writ of certiorari will be discharged.

---

[1] We recently held that appeal by the petitioner from the order of November 22 was not frivolous. *People* v. *Guijarro et al.*, 66 P.R.R. 836. However, as that appeal involves the same legal question as this certiorari presents, it is now academic and will be dismissed unless the petitioner within five days presents a motion which satisfies us that we should not take that action.